**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

SHIRLEY STERNAMAN,

Plaintiff,

v.

TRANS UNION CORPORATION LLC; CSC CREDIT SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and CROSS COUNTRY BANK,

Defendants.

CASE NO. 00-402 ADM/FLN

**STIPULATION OF CONFIDENTIALITY**

The plaintiff and defendant, by and through their respective duly authorized counsel, stipulate and agree to the entry of the attached proposed Protective Order in the above-captioned case.

Dated: February 13th, 2001

CONSUMER JUSTICE CENTER

By: ______________________

Thomas J. Lyons Jr., Esq. (# 249646)
Attorneys for Plaintiff Shirley Sternaman

Dated: February 14, 2001

LOCKRIDGE GRINDAL NAUEN P.L.L.P.

By: William A. Gengler

Gregory J. Myers (#0287398)
William A. Gengler (#210626)

JONES, DAY, REAVIS & POGUE

Scott Kirkner, Calif. State Bar #193681
Admitted *Pro Hac Vice*
Attorneys for Defendant, Experian Information Solutions, Inc.

FILED FEB 26 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD. ______
DEPUTY CLERK ______

LA: 1095258.1

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

SHIRLEY STERNAMAN,

Plaintiff,

v.

TRANS UNION CORPORATION LLC; CSC CREDIT SERVICES, INC.; EXPERIAN INFORMATION SOLUTIONS, INC.; and CROSS COUNTRY BANK,

Defendants.

CASE NO. 00-402 ADM/FLN

**STIPULATED PROTECTIVE ORDER**

---

This matter having come before the Court on a stipulation by the parties for a protective order, and the Court having been fully advised,

IT IS HEREBY ORDERED that the following shall govern pretrial procedures:

This Protective Order shall apply to any documents, testimony or information produced during this action which is asserted by the parties as containing or constituting confidential information. Information, documents or testimony subject to this Protective Order shall be referred to herein as either "Confidential Documents" or "Highly Confidential Documents," as described below. Information, documents or testimony will be designated by the parties by writing/stamping the term "Confidential" or "Highly Confidential" on the document in such a manner as will clearly designate the material as falling within this Protective Order.

Except as otherwise provided herein, Confidential Documents and Highly Confidential



FILED
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

Documents shall remain at all times in the custody of the counsel of record and shall not be provided by that party, or that party's attorney, to anyone, including, without limitation, any natural person or entity, partnership, corporation, any representative of the news media, or any federal, state, or local governmental agency or official, unless required by Court Order or subpoena. Confidential Documents and Highly Confidential Documents will be used solely in connection with the litigation between the parties, the preparation and trial of this litigation, and/or any related appellate proceedings, and not for any other purpose, such as any other pending litigation, release to the media, or for any business, commercial or other competitive purposes.

Nothing in this Stipulation and Order shall preclude counsel of record for any party in this litigation from showing or providing Confidential Documents to any of the following:

(a) Counsel for any party;

(b) Plaintiff;

(c) Any paralegal, stenographic, clerical, and/or secretarial personnel employed by counsel;

(d) Court personnel including stenographic reporters involved in any hearings, trials or other proceedings related to the litigation between the parties;

(e) Any outside expert or consultant retained in connection with the litigation between the parties;

(f) Any witness in a deposition proceeding or at trial, but the witness may not leave the deposition with any copy of a Confidential Document and will be bound by the provisions of this protective order; and

(g) Any witness or potential witness whom counsel believes, in good faith, has a legitimate need to review said Confidential Document for the purpose of assisting counsel in

preparing or conducting pre-trial or trial proceedings in the litigation between the parties.

1. Documents, information and depositions marked "Highly Confidential" shall be treated as for attorneys' eyes only. However, nothing in this Stipulation and Order shall preclude counsel of record for any party in this litigation from showing or providing Highly Confidential Documents to any of the following:

(a) Counsel for any party;

(b) Any paralegal, stenographic, clerical, and/or secretarial personnel employed by counsel;

(c) Court personnel including stenographic reporters involved in any hearings, trials or other proceedings related to the litigation between the parties;

(d) Any outside expert or consultant retained in connection with the litigation between the parties; and,

(e) For any witnesses in a deposition or at trial, to any witness about whom the Highly Confidential information pertains.

2. In the event that any Confidential or Highly Confidential Document is to be provided in accordance with Paragraphs 3 and 4, above, the party intending to provide such Confidential Document or Highly Confidential Document shall not do so unless and until the intended recipient has been advised of the terms of this Order and has agreed that he or she agrees to be bound by the Order and subject to the jurisdiction of this court with respect to any proceedings relating to the enforcement of this Order, including, without limitation, any proceeding for contempt, and has signed a copy of Exhibit "A" hereto.

3. If the Court orders, or if the parties agree that access to, or the dissemination of Confidential Documents or Highly Confidential Documents shall be made to persons not included in paragraphs 3 or 4, above, all such persons shall be subject to the terms

and conditions of this Protective Order.

4. Any Confidential Documents or Highly Confidential Documents submitted to the Court in connection with a motion, trial or other proceeding within the purview of this action shall be filed with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record. Upon failure of the filing party to so file a document under seal, the producing party may request that the court place the documents under seal.

5. This Stipulation and Order shall not prevent a party from providing Confidential Documents and Highly Confidential Documents to the Court or the trier of fact during any trial of this action. This Stipulation and Order shall not preclude the offering or receipt of evidence at trial. The parties reserve all rights to apply to the Court for protection with respect to the confidentiality of testimony or other evidence at trial and/or to raise any objections as to the admissibility of the documents.

6. The parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to any Confidential Documents or Highly Confidential Documents designated by said individual or entity in accordance with this Protective Order.

7. This Protective Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document or the like as Confidential or Highly Confidential, nor the failure to make such designation shall constitute evidence with respect to any issue in this action.

8. In the event an expert retained by any party is currently regularly employed by a credit bureau, the party retaining such expert agrees that not less than ten days (or any other

period of time designated by the Court) prior to the initial disclosure to any such expert of any Confidential Documents or Highly Confidential Documents submitted in accordance with this Protective Order, such party shall submit in writing the names of those experts and their educational and employment history to counsel for the party asserting confidential treatment. If the party asserting confidential treatment objects to the disclosure of such Confidential Documents or Highly Confidential Documents to such proposed expert as inconsistent with the language or intent of this Protective Order or on other grounds, it shall give notification in writing of its objections and the grounds thereof prior to the initial disclosure. If the dispute is not resolved on an informal basis within ten days of the receipt of such notice of objections, the party asserting confidential treatment shall submit immediately each objection to the Court, together with a request for a ruling. The submission of such Confidential Documents or Highly Confidential Documents to such proposed expert shall be withheld pending the ruling of the Court.

9. If Confidential Documents or Highly Confidential Documents submitted in accordance with this Protective Order are disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

10. In the event that any party disagrees with the designation of any document or information as "Confidential" or "Highly Confidential," such party shall advise the party asserting confidential treatment of the objection and identify the document or item. Within ten days of receiving this written objection, the party asserting confidential treatment shall advise

whether it will change the designation of the document or item, or if this cannot be resolved between the parties, then the dispute will be presented to the Court by motion. During the pendency of any such motion, the designated document or item shall continue to be treated as "Confidential" or "Highly Confidential", as the case may be, and subject to the provisions of this Protective Order until such time as the Court rules otherwise.

11. Within sixty (60) days after final termination of this lawsuit, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted in accordance with this Protective Order and all documents that the parties in good faith believe contain or constitute Confidential Documents or Highly Confidential Documents, including all copies of such materials which may have been made, but not including copies containing notes or other attorney work product that may have been placed thereon by counsel for the parties. At the option of the party asserting confidential treatment, the parties may elect to destroy all items constituting or containing Confidential Documents or Highly Confidential Documents submitted in accordance with this protective order. If either party elects to have its Confidential Documents or Highly Confidential Documents destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed. All copies containing notes or other attorneys' work product shall be destroyed. In addition, all summaries, extracts or compilations taken from such Confidential Documents or Highly Confidential Documents shall be destroyed.

12. This Protective Order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this Protective Order.

13. Nothing in this order shall preclude any party from using its, his or her own Confidential Documents or Highly Confidential Documents in any manner it, he or she chooses.

IT IS SO ORDERED.

Dated: 2/23/01

**Exhibit "A"**

I have read and understand the Stipulated Protective Order entered in Shirley Sternaman vs. Experian Information Solutions, Inc., et al, United States District Court, District of Minnesota, Case No. 00-402 ADM/FLN, and I agree to be bound by its terms.

I hereby agree to submit to the jurisdiction of the above entitled Court for enforcement of the undertaking I have made herein.

Dated: ____________________ ________________________________________

Signature

________________________________________

Printed Name