**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

Shirley Sternaman,

Plaintiff,

v.

Experian Information Solutions, Inc. f/d/b/a TRW, a foreign corporation; Trans Union Corporation, a foreign corporation; CSC Credit Services, Inc., a foreign corporation; and Cross Country Bank, a foreign corporation,

Defendants.

**MEMORANDUM OPINION AND ORDER**
Civil No. 00-402 ADM/FLN

---

Peter F. Barry, Esq., The Barry Law Office, St. Paul, MN, on behalf of Plaintiff.

Gregory E. Woodard, Esq., Jones, Day, Reavis & Pogue, Irvine, CA, on behalf of Defendant Experian Information Solutions, Inc.

Marianne D. Short, Esq., and Thomas L. Nuss, Esq., Dorsey & Whitney, Minneapolis, MN, on behalf of Defendant Cross Country Bank.

---

This matter is before the undersigned United States District Judge pursuant to Plaintiff Shirley Sternaman's ("Plaintiff") Memorandum in Support of a Motion to Alter or Amend the Judgment [Doc. No. 73] of this Court's November 19, 2001, Order [Doc. No. 71]. The Order granted the Motions for Summary Judgment of Defendant Experian Information Solutions, Inc. ("Experian"), [Doc. No. 42] and Defendant Cross Country Bank ("Cross Country") [Doc. No. 58].

Pursuant to the Order of November 19, 2001, Judgment was entered [Doc. No. 72] in favor of Defendants on November 20, 2001. Federal Rule of Civil Procedure 59(e) requires that "[a]ny

FEB 05 2002
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment." Fed. R. Civ. P. 59(e). Under the computation guidelines of Fed. R. Civ. P. 6(a), a Rule 59(e) motion must have been filed by December 5, 2001.[1] No motion shall be heard by a district judge unless the moving party files the appropriate motion papers with the Clerk of Court, including a Notice of Motion, Motion, Proposed Order, Affidavits and Exhibits, and a Memorandum of Law. LR 5.2, 7.1. On December 5, 2001, Plaintiff filed a "Memorandum in Support of Her Rule 59(e) Motion to Alter or Amend the Judgment." However, no Motion to Alter or Amend the Judgment, or Notice of Motion, was filed with this Court. As such, no motion is properly before the Court at this time.

Additionally, "[m]otions to reconsider are prohibited except by express permission of the Court, which will be granted only on a showing of compelling circumstances." LR 7.1(g). A party is required to request leave to make a motion to reconsider by letter to the Court. Id. No letter requesting leave for a motion to reconsider was filed by Plaintiff. A Rule 59(e) motion is limited only to the purpose of correcting manifest errors of law or fact, or to present newly discovered evidence. Hagerman v. Yukon Energy Corp., 839 F.2d 407, 414 (8th Cir. 1988). Such a motion is appropriate to prevent manifest injustice. Servants of Peraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000). Plaintiff's Memorandum relies on the same evidence and arguments originally presented in her pleadings, and in oral argument, in support of her argument against Defendants' Motions for Summary Judgment. "A motion to alter or amend judgment cannot be used to raise arguments which could have been raised prior to the issuance of judgment." Hagerman, 839 F.2d at 414. As such, there is no manifest injustice in this Court's refusal to revisit the arguments.

[1] A request such as this by Plaintiff seeking entry of an order by the Court requires that a motion be filed. See Fed. R. Civ. P. 7(b) (stating that "[a]n application to the court for an order shall be by motion which . . . shall be made in writing . . . ").

Based on the foregoing, and all the files, records and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiff's Memorandum in Support of Her Rule 59(e) Motion to Alter or Amend the Judgment [Doc. No. 73] is **DENIED AS MOOT**.

BY THE COURT:

ANN D. MONTGOMERY
UNITED STATES DISTRICT JUDGE

Date: February 5, 2002